UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HOPE GRANT, for herself and, )
for all others similarly situated, )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )        Case No. 4:12-CV-496 (CEJ)
                                   )
CONVERGYS CORP.,                   )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to strike plaintiff's class and collective action claims. Plaintiff opposes the motion, and the issues have been fully briefed.

### I. Background

Defendant Convergys Corp. provides outsourced customer service from call centers in Hazelwood and Arnold, Missouri. Plaintiff Hope Grant is employed as a customer service representative (CSR), staffing a telephone line at Convergys' call center in Hazelwood. Plaintiff alleges that defendant requires its CSRs to perform necessary work activities "off the clock," before and after their paid work shifts, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.527. Plaintiff seeks to bring her FLSA claim as a collective action under FLSA § 16(b), 29 U.S.C. §216(b), on behalf of herself and other similarly situated hourly employees at the Hazelwood and Arnold call centers. Plaintiff seeks to bring her state law claims as a class action under Mo. Rev. Stat. § 290.500, *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure.

Defendant moves to strike plaintiff's class and collective action allegations, arguing that plaintiff waived her ability to lead or join class or collective litigation when she signed an employment application containing the following provision:

> **I further agree that I will pursue any claim or lawsuit relating to my employment with Convergys (or any of its subsidiaries or related entities)  as an individual, and will not lead, join, or serve as a member of a class or group of persons bringing such a claim or lawsuit.**  Def. Ex. 1, at 52 [Doc. #36-1].

Plaintiff argues that the waiver is void as a violation of substantive rights guaranteed by the FLSA and the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.*

## II. Pending Administrative Proceedings

Prior to filing this lawsuit, plaintiff filed an unfair labor practice charge with the National Labor Relations Board (NLRB), challenging the waiver as a violation of the NLRA.  The General Counsel of the NLRB issued a complaint, and on October 25, 2012, an administrative law judge concluded that:

> By maintaining and enforcing a mandatory provision in its employment applications that waives the right to maintain class or collective actions in all forums, [Convergys] has engaged in unfair labor practices affecting commerce... and has violated Section 8(a)(1) of the [National Labor Relations] Act.

Convergys Corp. & Hope Grant, No. 14-CA-075249, 2012 WL 5494972 (NLRB Div. of Judges Oct. 25, 2012).  Defendant states that it intends to appeal the decision to the NLRB, and urges the Court to reject the ALJ's conclusion.  Plaintiff argues that the Court should  defer judgment on the legality of the waiver until the NLRB reaches a conclusion in this case.  In the alternative, plaintiff submits that the Court should give great weight to the ALJ's decision that the waiver is unenforceable and invalid as a violation of the Section 8(a)(1) of the NLRA.

## A. Jurisdiction

Plaintiff suggests that, because of "<u>Garmon</u> preemption," <u>San Diego Bldg.</u> <u>Trades Council v. Garmon</u>, 359 U.S. 236 (1959), and the derivative doctrine of "primary jurisdiction," the Court should stay this case until the NLRB reviews the ALJ's October 25 decision. The Court agrees with defendant that plaintiff overstates the implications of those doctrines as they apply to this case.

The doctrine of "primary jurisdiction" provides that "when the same controversy may be presented to the state court or the NLRB, it must be presented to the Board." <u>Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of Carpenters</u>, 436 U.S. 180, 202 (1978). "As applied in a labor relations context, the doctrine of primary jurisdiction is a recognition of congressional intent to have matters of national labor policy decided in the first instance by the National Labor Relations Board." <u>Glaziers</u> <u>& Glassworkers Local Union 767 v. Custom Auto Glass Distribs.</u>, 689 F.2d 1339, 1342 (9th Cir. 1982). However, "[w]hile only the Board may provide affirmative remedies for unfair labor practices, a court may not enforce a contract provision which violates [the NLRA]." <u>Kaiser Steel Corp. v Mullins</u>, 455 U.S.72, 86 (1981).

Because the NLRA is being offered as a defense to the enforcement of a contract, and not as an affirmative claim on which the plaintiff seeks relief, the Court retains jurisdiction. <u>Id.</u>; <u>see also</u> <u>Herrington v. Waterstone Mortg. Corp.</u>, No. 11-CV-779-BBC, 2012 WL 1242318, at * 3 (W.D. Wis. Mar. 16, 2012); <u>Jasso v. Money Mart</u> <u>Express, Inc.</u>, No. 11-CV-5500-YGR, 2012 WL 1309171, at * 8 (N.D. Cal. Apr. 13, 2012).

### B. Weight of the ALJ's Decision

The decision of an ALJ reviewing an NLRB complaint is not self-enforcing. Once an ALJ issues an opinion, the matter may be appealed to the NLRB. The Board's decision may then be appealed to the Circuit Court of Appeals. Only when affirmed

-3-

by a federal court of appeals is the agency's decision enforceable.  See generally, Fed. Lab. Law: NLRB Prac., §3.1 (2012).  While the NLRB's interpretation of the NLRA is entitled to "the greatest deference," ABF Freight Sys., Inc. v. NLRB, 510 U.S.317, 324 (1994), in this case the Board has not yet spoken.  The ALJ's decision in Convergys Corp. & Hope Grant is not controlling and is entitled to only limited weight.

### III. Discussion

A court may not enforce a contractual provision that violates federal law.  Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 77; 83-84 (1982).  Plaintiff argues that the waiver in defendant's employment application impairs substantive rights guaranteed by the FLSA and the NLRA, and is therefore unenforceable.

### A. Fair Labor Standards Act

Section 16(b) of the FLSA allows employees to bring FLSA claims as collective actions, "for and in behalf of… themselves and other employees similarly situated." 29 U.S.C. §216(b).  Courts have uniformly concluded that "the waiver of rights in §216(b) is permissible because that provision does not confer a substantive right." Herrington, 2012 WL 1242318, at * 2 (collecting cases); see also Owen v. Bristol Care, Inc., 702 F.3d 1050, 1052-53 (8th Cir. 2013).  Therefore, the Court rejects plaintiff's contention that the waiver provision impairs a substantive right guaranteed by the FLSA.

### B. National Labor Relations Act

Because a contractual provision that violates federal law cannot be enforced, the waiver provision in defendant's employment agreement must be stricken if it violates the NLRA.  J.I. Case Co. v. NLRB, 321 U.S. 332, 337 (1944) ("Individual contracts no matter what the circumstances that justify their execution or what their terms, may not be availed of to defeat or delay the procedures prescribed by the

-4-

National Labor Relations Act . . . Whenever private contracts conflict with [the NLRB's] functions, they obviously must yield or the Act would be reduced to a futility.").

### 1. Protected Concerted Activity under the NLRA

The NLRA provides that employees shall have the right to "engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection . . ." 29 U.S.C. §157. Section 7 of the NLRA protects a broad range of concerted activities, because "Congress knew well enough that labor's cause often is advanced on fronts other than collective bargaining and grievance settlement within the immediate employment context." Eastex, Inc. v. NLRB, 437 U.S. 556, 566 (1978). "[Congress] recognized this fact by choosing, as the language of §7 makes clear, to protect concerted activities for the somewhat broader purpose of 'mutual aid or protection' as well as for the narrower purposes of 'self-organization' and 'collective bargaining.'" Id.

Collective and class litigation, through which employees band together to challenge employers' policies on wages and hours, is concerted activity engaged in for the purposes of mutual aid and protection within the meaning of the NLRA. The NLRB, which interprets the NLRA in the first instance, and courts in enforcing NLRB decisions, have consistently reached this conclusion. E.g., Saigon Gourmet Restaurant, 353 NLRB No. 110, 2-CA-38252, 2009 WL 616703, at *2 (NLRB Mar. 9, 2009) ("Concertedly asserting a claim for unpaid overtime constitutes protected activity."); Trinity Trucking & Materials Corp., 221 NLRB No. 64, 25-CA-6402, 1975 WL 6428, at *275-76 (NLRB Nov. 5, 1975) ("It is settled that the filing of a civil action by employees is protected activity unless done with malice or in bad faith…. [B]y joining together to file the lawsuit [the employees] engaged in concerted activity."), enforced, 567 F.2d 391 (7th Cir. 1977), cert. denied 438 U.S. 914 (1978); In re 127 Restaurant

Corp., 331 NLRB No. 32 , 2-CA-30176, 2000 WL 718228, at *276 (NLRB May 26, 2000) ("by joining together to file the lawsuit, [the employees] engaged in concerted activity."); 52nd St. Hotel Assocs., 321 NLRB No. 93, 2-RC-21475, 1996 WL 384240, at *14 (NLRB July 8, 1996) (holding that a collective action brought under the FLSA was protected activity), *abrogated on other grounds by* Stericycle, Inc., 357 NLRB No. 61 (Aug. 23, 2011).

Federal courts of appeal likewise acknowledge that collective wage and hour litigation is protected as concerted activity under the NLRA. See Leviton Mfg. Co., Inc. v. NLRB, 486 F.2d 686, 689 (1st Cir. 1973) ("[T]he filing of a labor related civil action by a group of employees is ordinarily a concerted activity protected by §7, unless the employees acted in bad faith."); Brady v. National Football League, 644 F.3d 661, 673 (8th Cir. 2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment *is* 'concerted activity' under §7 of the National Labor Relations Act.").

### 2. D.R. Horton, Owen, and Palmer Decisions

A significant portion of the briefing in this case focused on the NLRB's decision in D.R. Horton, 357 NLRB No. 184, 12-CA-25764, 2012 WL 36274 (NLRB Jan. 3, 2012) and the cases of Owen v. Bristol Care, Inc., 702 F.3d 1050 (8th Cir. 2013) and Palmer v. Convergys Corp., No. 7:10-cv-145 (HL), 2012 WL 425256 (M.D.Ga. Feb. 9, 2012). After reviewing these decisions, the Court concludes that they do not aid in the analysis of the issue presented here.

In D.R. Horton, the NLRB concluded that an arbitration agreement requiring individual arbitration of employees' claims, and precluding employees from proceeding collectively in any forum, arbitral or judicial, to address wages, hours, or working conditions, violated the NLRA. 2012 WL 36274, at *1. The NLRB declared that the

pursuit of class or collective actions was a protected concerted activity under the NLRA. "The right to engage in collective action - including collective *legal* action - is a core substantive right protected by the NLRA and is the foundation on which the Act and Federal labor policy rest." Id. at *12. This statement is consistent with the NLRB's earlier rulings interpreting the protection of Section 7 to encompass collective and class litigation. It is true that courts have criticized D.R. Horton for the NLRB's discussion of the Federal Arbitration Act (FAA). Those courts justify their departure from D.R. Horton by emphasizing that, "[a]lthough the NLRB's construction of the NLRA is entitled to deference, the NLRB has no special competence or experience interpreting the FAA." Tenet Healthsystem Phila., Inc. v. Rooney, No. 12-MC-58, 2012 WL 3550496, at *4 (E.D. Pa. Aug. 17, 2012). See also Delock v. Securitas Sec. Servs. USA, Inc., 883 F.Supp.2d 784, 787-88 (E.D. Ark. 2012) (explaining that, while the NLRB's interpretation of the NLRA is entitled to deference, the NLRB's interpretation of the FAA is not); Morvant v. P.F. Chang's China Bistro, Inc., 870 F.Supp.2d 831, 845 (N.D.Cal. 2012).

The appeal of the decision in D.R. Horton is now pending before the Fifth Circuit. D.R. Horton, Inc. v. NLRB, No. 12-60031 (5th Cir., filed Jan. 13, 2012). However, the impact of the appellate court's decision upon the instant case is questionable. There is a material distinction between the circumstances in D.R. Horton and those in the present case: the waiver provision here is not contained in an arbitration clause and the FAA is not implicated. As discussed above, the NLRB has long acknowledged collective and class litigation engaged in by employees for mutual aid and protection as a protected concerted activity under Section 7. This precedent is not altered by D.R. Horton.

The second case that the parties briefed at length is <u>Owen v. Bristol Care, Inc.</u>, 2012 WL 1192005, at *4 (W.D. Mo. Feb. 28, 2012), *rev'd*, 702 F.3d 1050 (8th Cir. 2013).  In <u>Owen</u>, the district court held that an arbitration agreement prohibiting class arbitration of FLSA claims was unenforceable as a waiver of a substantive right.  The Eighth Circuit reversed and enforced the waiver.  Declining to apply <u>D.R. Horton</u>, the court explained that while the NLRB's interpretation of the NLRA is entitled to great deference, the NLRB's interpretation of the FAA is not.  <u>Owen</u>, 702 F.3d at 1054.  The Eighth Circuit also noted that its holding was consistent with "all of the other courts of appeals that have . . . concluded that arbitration agreements containing class waivers are enforceable in FLSA cases" and "two decades of pro-arbitration Supreme Court precedent."  <u>Id.</u>

<u>Owen</u> does not directly address the issue before this Court, because that case, like <u>D.R. Horton</u>, involved a waiver of class arbitration contained in an arbitration agreement.  <u>Owen</u> reiterates the principle that the NLRB's interpretation of the NLRA is entitled to great deference but the NLRB's interpretation of the FAA is not.  Accordingly, this Court gives great deference to the NLRB's longstanding interpretation of NLRA as protecting the type of collective litigation pursued by plaintiff in this case.  The NLRB's interpretation of the FAA is irrelevant in this case.

The third case is <u>Palmer v. Convergys Corp.</u>, No. 7:10-CV-145 (HL), 2012 WL 425256 (M.D.Ga. Feb. 9, 2012).  Unlike <u>Owen</u> and <u>D.R. Horton</u>, the facts of <u>Palmer</u> are very similar to those of the instant case.  In <u>Palmer</u>, CSRs previously employed at a Convergys call center in Georgia sought to bring FLSA claims collectively against the company.  Convergys moved to strike plaintiffs' collective allegations, arguing that plaintiffs had signed a waiver forfeiting their ability to bring class claims---a waiver identical to the one involved in the instant case.  <u>Id.</u> at *1.  Noting that "a vast

majority of cases that address class action waivers do appear within the context of arbitration agreements," the Palmer court found, "there is no logical reason to distinguish a waiver in the context of an arbitration agreement from a waiver in the context of any other contract." Id. at *2. Thus, the court concluded that the waiver in the Convergys employment application was valid and granted the defendants' motion to strike the plaintiffs' class allegations.

Palmer does not provide meaningful guidance to the Court. The only mention of the NLRA is contained in a footnote, summarily dismissing D.R. Horton without explanation. Id. at *7, n. 2. The Palmer court did not discuss the issue of whether employees' collective litigation constitutes concerted activity for mutual aid and protection under Section 7 of the NLRA, and it cannot be determined whether or how the issue was presented in that case. Despite its factual similarities to the instant case, Palmer does not address the legal issues before this Court. Therefore, the Palmer court's reasoning and conclusion are neither informative nor persuasive.

* * * * *

For the reasons discussed above, collective and class litigation, engaged in by employees for the purposes of mutual aid and protection, is protected concerted activity under the NLRA. This Court cannot enforce a contract provision that violates the NLRA. The defendant's waiver is such a provision, and therefore cannot be enforced.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike plaintiff's class and collective allegations [Doc. # 36] is **DENIED.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

-9-

Dated this 1st day of March, 2013.