UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOPE GRANT, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:12-CV-496 (CEJ) |
| CONVERGYS CORPORATION, ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for reconsideration or, in the alternative, to certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff has responded in opposition.

**I.     Background**

Plaintiff brings claims against her employer, defendant, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA) claim, 29 U.S.C. §§ 201 *et seq.*, and the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.527. She seeks to bring her claims as collective and class actions, on behalf of herself and other similarly situated current and former employees. Defendant moved to strike plaintiff's class and collective allegations, relying on a waiver signed by plaintiff agreeing to pursue any claim or lawsuit against defendant individually. On March 1, 2013, the Court denied defendant's motion to strike. The Court concluded that the waiver provision violated the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, and was therefore unenforceable.

Defendant argues that the Court, in distinguishing the instant case from cases involving waiver provisions contained in arbitration agreements, placed arbitration

agreements and other contracts on unequal footing, in contravention of the Supreme Court's decisions in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991) and AT&T Mobility LLC. v. Concepcion, 131 S.Ct. 1740, 1745-46 (2011). Defendant further argues that the Court should have adopted a broader interpretation of Owen v. Bristol Care, 702 F.3d 1050 (8th Cir. 2013). Similar arguments were raised by defendant, and carefully considered by the Court, prior to the Court's denial of defendant's motion to strike. The Court disagrees with defendant's broad interpretation of Supreme Court and Eighth Circuit precedent, and finds no manifest errors of law requiring reconsideration. Therefore, the Court will deny defendant's request for reconsideration. However, for the following reasons, the Court will grant defendant's request for certification of interlocutory appeal.

II.     **Legal Standard**

28 U.S.C. § 1292(b) provides a mechanism through which a party can pursue an interlocutory appeal. To satisfy the § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation." Paschall v. Kansas City Star, Co., 605 F.2d 403, 406 (8th Cir. 1979).

It has "long been the policy of the courts to discourage piece-meal appeals." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations omitted). Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination." Id. Therefore, § 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." Id. The

movant bears the burden of demonstrating that the case is an exceptional one, justifying immediate appeal.

### III. Discussion

Defendant has demonstrated that the three requirements for interlocutory appeal under 28 U.S.C. § 1292(b) have been met in this case, and that the issue of the legality of the class waiver is an exceptional one, deserving of immediate appellate review.

First, the issue presents a controlling question of law. The Court's conclusion that the class action waiver provision violates the NLRA and is therefore unenforceable is a conclusion of law that would be subject to *de novo* review by the Eighth Circuit. See Emerson Elec. Co. v. Yeo, 4:12-CV-1578 (JAR), 2013 WL 440578, at *2 (E.D. Mo. 2013) ("The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion."). The question of the legality of the waiver provision is "controlling," because "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." Id. (quoting Newsome v. Young Supply Co., 873 F.Supp.2d 872, 876 (E.D. Mich. 2012)).

According to defendant, the putative class may consist of more than 8,000 employees. If appellate consideration of the legality of the waiver is delayed until the proceedings in the district court are concluded, then a large class might be needlessly certified and litigation expenses needlessly incurred. This threshold issue significantly affects the structure of this litigation, and it merits conclusive resolution before the litigation proceeds any further.

Second, there is substantial ground for difference of opinion. Indeed, a district court in another circuit has enforced a waiver identical to the one at issue in this case.

Palmer v. Convergys, Corp., No. 7:10-CV-145 (HL), 2012 WL 425256, at *7 n.2 (M.D. Ga. Feb. 9, 2012). The court in Palmer, however, made only a fleeting reference to the NLRA. While the NLRB has consistently concluded that collective and class litigation is protected concerted activity under the NLRA, a broad reading of Owen and other cases upholding class waivers in arbitration agreements complicates the issue and creates room for reasonable jurists to disagree.

Third, an interlocutory appeal will materially advance the ultimate termination of this litigation. If the court of appeals determines that the waiver provision is valid, then the manner in which this litigation proceeds will be fundamentally altered. All employees who signed a waiver will be precluded from joining this suit. While the plaintiff's concern about the statute of limitations (which continues to run for potential class members until they opt-in under the FLSA) is a valid one, it is in the interests of efficiency, judicial economy, and fairness to all parties, to settle this contested legal question before a potentially large class is certified.

In sum, the Court finds that the enforceability of the waiver in the context of the NLRA involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the March 1, 2013 order may materially advance the ultimate termination of this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's request for reconsideration [Doc. #99] is **denied**.

**IT IS FURTHER ORDERED** that defendant's alternative request for certification for interlocutory appeal [Doc. #99] is **granted**.

**IT IS HEREBY ORDERED** that the Memorandum and Order entered on March 1, 2013 [Doc. # 97] is amended to certify the following question for immediate appeal under 28 U.S.C. § 1292(b):

> Is the provision in defendant's employment application containing plaintiff's waiver of the right to bring or participate in class or collective litigation or claims against defendant unenforceable as a violation of substantive rights protected by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*?

**IT IS FURTHER ORDERED** that all proceedings in this case are stayed pending resolution of the defendant's application to the United States Court of Appeals for the Eighth Circuit for an interlocutory appeal.

**IT IS FURTHER ORDERED** that defendant's motion for an extension of time to file a reply is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2013.