UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOPE GRANT, for herself and, for all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:12-CV-496 (CEJ) |
| CONVERGYS CORP., ) ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for equitable tolling of the statute of limitations. Defendant opposes the motion, and the issues are fully briefed.

The Court has certified a key issue in this case for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Plaintiff wishes to toll the statute of limitations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, for the duration of that appeal. The tolling would benefit putative class members who have not yet opted in to the collective action and for whom the statute of limitations continues to run. 29 U.S.C. § 256(b).

Defendant argues that the statute of limitations cannot be tolled for putative class members, because those individuals are not parties to the litigation. Defendant contends that tolling the statute of limitations would be akin to issuing an advisory opinion stating "what the court might do if and when it may be confronted with an untimely claim." U.S. v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986). No court in the Eighth Circuit has followed Cook or suggested that tolling the statute of limitations for putative class members runs afoul of the "case and controversy" requirement of Article III of the Constitution, as defendant suggests. Instead, under certain circumstances,

courts in this circuit apply equitable tolling to preserve FLSA claims of putative class members. See Davenport v. Charter Commc'ns, LLC, No. 4:12-CV-7 (AGF), 2012 U.S. Dist. LEXIS 116341, at *2-3 (E.D. Mo. Aug. 17, 2012), *vacated on other grounds,* (applying equitable tolling to putative class members' FLSA claims to compensate for delays caused by opposing counsel); Putnam v. Galaxy 1 Mktg., Inc., 276 F.R.D. 264, 276 (S.D. Iowa Aug. 23, 2011) (tolling the FLSA statue of limitations so putative class members did not suffer from defendant's delays); Hembree v. Mid-Continent Trans., Inc., No. 08-6094-CV-SJ-HFS, 2010 WL 3927764, at *4 (W.D. Mo. Oct. 4, 2010) (tolling the FLSA statute of limitations because of delays in litigation attributable to defendant, plaintiff's counsel, and the court, but not to potential class members).

Equitable tolling of the FLSA statute of limitations "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time, such as its excusable ignorance of the statute of limitations." Young v. Dollar Tree Stores, Inc., No. 11-cv-1840-REB-MJW, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2013) (quoting Beauperthuy v. 24 Hour Fitness, USA, Inc., No. 06-0715 (SC), 2007 WL 707475, at *8 (N.D.Cal. Mar. 6, 2007)). In this case, the delay in the proceedings is due to the interlocutory appeal that the Court deemed appropriate in light of the legal issues implicated by plaintiff's conditional class certification motion. This distinguishes the instant case from Davenport, in which the court granted the plaintiff's motion for equitable tolling because the delays in question "were specifically requested by Defendant, the time requested was somewhat lengthy, and denying Plaintiff's motion might result in some potential class members losing their

eligibility . . . due to Defendant's requests for filing extensions." Davenport, 2012 U.S. Dist. LEXIS 116341, at *3.

Litigation delays do not constitute extraordinary circumstances justifying equitable tolling. See Garrison v. Conagra Foods Packaged Food, LLC, No. 4:12-cv-737 (SWW), 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013). Such delays do not preclude a putative class member from filing a claim on time. Although disbursement of plaintiff's notice of the collective action to potential class members may be delayed, "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment . . ., and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim against [an employer]." Young, 2013 WL 1223613, at *2. Because the instant litigation has been delayed due to intrinsic complications, not because of neglect or procrastination of any party or counsel, the FLSA statute of limitations will not be tolled for putative class members.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to toll the statute of limitations [Doc. #108] is **DENIED**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2013.